Johnson J.
delivered the opinion of the Court.
The necessity of a positive and affirmative averment that the accused did the act charged, is obvious — without it, the opposite intendment grows out of the presumption in favour of innocence, nor can the Court know of what offence the accused has been convicted, or the degree of guilt he has incurred. State v. Haider. 2 M’C. 377. In framing this indictment this rule has been clearly violated. There is no affirmative allegation that the defendant did the act charged, nor is it supplied by the averment that he did take upon himself to do it. One may take upon himself to do an act in futuro, or one which he may be actually unable to perform. If the opposite intendment be adopted, the defendant has not yet done the act, and may have been unable to do it. The motion is therefore granted, and it is ordered that the judgment be arrested.
.O’Neall J. and Evans J. sitting for Harper J. absent from indisposition, concurred.
Judgment arrested.